## Wintermute's Estate.

*Decedents' estates—Appraisement—Deduction for debts—Act of June 20, 1919—Inheritance tax—Taxation.*

1. Under the Act of June 20, 1919, § 10, P. L. 521, it is the duty of the appraiser of a decedent's estate to appraise the value of all of the property or estate of the decedent, and nothing more. It is no part of his duty to make allowance or deductions for debts for the purpose of ascertaining the "clear value."

2. If an appraiser makes such deductions, his act is not binding on the Commonwealth. The courts alone can make the deductions.

3. If the register of wills disallows the deductions, his action amounts to nothing more than an expressed intention to disregard that part of the appraisement which, under the law, is not properly a part thereof, and this he has power to do as a representative of the Commonwealth.

Appeal from the appraisement and assessment of transfer inheritance tax. O. C. Monroe Co.

*W. A. Shafer* and *W. A. Erdman*, for appellants.

*S. S. Shafer* and *Ira A. La Bar*, for appellees.

SHULL, P. J., Sept. 30, 1925.—This matter comes before the court on an appeal based on exceptions to the action of the Register of Wills of Monroe County in striking from the report of the appraiser certain allowances of

debts of decedent, made by the appraiser and by him deducted from the value of the property of decedent's estate.

The merits of the claims which were allowed and deducted by the appraiser and disallowed by the Register of Wills were not presented to the court. The proceeding as presented raises two questions:

1. Is it the duty of an appraiser to appraise the value or the clear value of an estate?

2. If it is the duty of an appraiser to appraise the clear value of an estate, has the Register of Wills power to disallow deductions of debts of decedent which were allowed and deducted by the appraiser?

Section 10 of the Act of Assembly of June 20, 1919, P. L. 521, provides: "The register of wills of the county in which letters testamentary or of administration are granted upon the estate of any person dying seized or possessed of property while a resident of the Commonwealth shall appoint an appraiser, whenever occasion may require, to appraise the value of the property or estate of which such decedent died seized or possessed and hereinbefore subjected to tax. Such appraiser shall make a fair, conscionable appraisement of such estate, and assess and fix the cash value of all annuities and life estates growing out of said estates, upon which annuities and life estates the tax imposed by this act shall be immediately payable out of the estate at the rate of such valuation."

As we view it, the appraiser represents the Commonwealth, and when his report is made and filed, the Commonwealth is bound by it, in the absence of fraud or mistake, so far as it conforms to the law. The statute does not give to the Register of Wills the right to amend by striking from it any items properly there, or by adding to it anything that may have been omitted. If the appraiser includes in his report matters which he has no statutory right to pass on, then the Commonwealth is not bound in such matters, as they are mere surplusage and may be ignored in finding the amount of tax due. The Register of Wills has the right and power to require the appraiser to file a report in conformity with the law, and in the event of refusal or neglect of the appraiser to do so, then he can vacate the appointment of the appraiser and appoint an appraiser who will comply with the statutory requirements.

Under section 10 of the Act of June 20, 1919, P. L. 521, it is made the duty of the appraiser "to appraise the value of the property or estate of which such decedent died seized or possessed hereinbefore subjected to tax."

Under section 1 of the said act, it is provided "that the tax shall be and is hereby imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases." The following sections of the act provide that all property of a resident decedent which passes by succession, and certain property of a non-resident decedent, is subject to tax; consequently, in general terms, all property within the Commonwealth, real or personal, held by a decedent, or any interest therein, as well as certain intangible property of a resident decedent not within the Commonwealth of Pennsylvania, is subject to tax under this act, and it is to this that section 10 refers in the words "hereinbefore subject to tax."

Under section 10, the appraiser is empowered and directed "to appraise the value of the property or estate of which the decedent died seized or possessed and hereinbefore subjected to tax."

The word "value," as used in this sentence, means what might perhaps be denominated "gross value," the value of the entire property and not the clear value of a portion of the estate on which ultimately tax would have to be paid.

While it is true that from the value the statute directs that debts and certain expenses and expenditures shall be deducted and that only the part of the estate which actually passes by succession shall be required to pay inheritance tax, such value is throughout the statute denominated "clear value," and had it been intended that the appraiser should ascertain the clear value, that term would have been used in section 10 in defining the duties of the appraiser and not the word "value."

After careful consideration of section 10 of this act, together with sections 1 and 2, we are convinced that the duty of the appraiser is to appraise the value of all of the property or estate of the decedent, and nothing more. That it is not a part of his duty to make allowances or deductions for the purpose of ascertaining the "clear value."

We cannot convince ourselves that there was in the mind of the legislature at the time of passing this act any intent or thought to delegate to an appraiser, Register of Wills or an Auditor General of the Commonwealth the right or power to determine the validity or invalidity of any claim against the estate of the decedent for the purpose of taxation or any other purpose. That power belongs to the court.

The appraiser, at best, could but estimate the expense of settlement of an estate, but at the adjudication of the estate before the court, or an auditor appointed by the court, these matters can definitely and accurately be ascertained, and there alone can the true basis of inheritance tax be determined.

The appraiser, in making deductions for debts of the decedent from the value of the property as found by him, exceeded the authority given to him by the statute, and his action in that particular has no binding effect on the Commonwealth nor on any of the parties in interest. The action of the Register of Wills amounts to nothing more than an expressed intention to disregard that part of the report of the appraiser which, under the law, is not properly a part of the appraiser's report, and this he has power to do as a representative of the Commonwealth, and need only give recognition to any claim for deductions or debts from the appraised value of the estate after the liability of the estate to pay has been legally established.

And now, Sept. 30, 1925, the appeal is dismissed, at the cost of appellants.

From C. C. Shull, Stroudsburg, Pa.